1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHRIS B. SIRKO, on behalf of
himself, and all others similarly
situated and the general public,

Plaintiff,

v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION, a
New York Corporation; and
DOES 1 through 500, Inclusive.,

Defendants.

Case No. 2:13-cv-03192-DMG-SSx

(PROPOSED) ORDER
GOVERNING CONFIDENTIAL
INFORMATION

Having reviewed the parties' Stipulation Regarding Protective Order
Governing Confidential Information, the Court hereby orders as follows:

1.    A party may designate as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, discovery
responses, electronic data, deposition transcripts, exhibits or other materials
produced or generated in this matter that it reasonably believes should be subject to
the terms of this Order.  Material that may be designated as CONFIDENTIAL or
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY consists of documents
and information whose disclosure would create a risk of injury that could not be

LAI-3191998v4

1  avoided by less restrictive means, and includes, but is not limited to, customer

2  information, personnel information, and personal information of any current or

3  former IBM employee.

4          2.      Designations in conformity with this Order may be made as

5  follows:

6         (a)     for information in documentary form (other than depositions or

7  other transcripts), by stamping or labeling the first page of each such document

8  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

9  or by any other reasonable means of giving notice of the party's intent to claim

10  protected status of the material in question;

11         (b)     for testimony or exhibits offered in a deposition or other

12  proceeding, by notifying opposing counsel on the record during or at the conclusion

13  of the proceeding that the information provided in the deposition or other

14  proceeding is considered CONFIDENTIAL or HIGHLY CONFIDENTIAL –

15  ATTORNEYS' EYES ONLY and that the transcript (or portions thereof) shall be

16  subject to the provisions of this Order; if practicable, portions of deposition

17  transcripts designated CONFIDENTIAL or HIGHLY CONFIDENTIAL –

18  ATTORNEY'S EYES ONLY shall be labeled as such and bound separately by the

19  Court Reporter; in addition, a party may reserve the right on the record during or at

20  the conclusion of the deposition or proceeding to make CONFIDENTIAL or

21  HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY designations up to

22  thirty (30) days after receipt of the final transcript, and if such right is reserved in

23  conformity herewith, the information shall be treated as CONFIDENTIAL until

24  such designation is made or the thirty (30) day period expires (whichever occurs

25  first); and

26         (c)     for information or items produced in other forms, by stamping

27  or labeling the exterior of the container(s) in which the information or item is stored

28  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

LAI-3191998v4

1   or by any other reasonable means of providing notice of the designations.

2          3.     Documents and information designated CONFIDENTIAL in

3   accordance with this Order shall be used solely for the purpose of preparation, trial,

4   and/or appeal of this action, and, unless the Court rules otherwise, such documents

5   or information shall not be disclosed to any person other than (a) counsel of record

6   to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such

7   counsel to this action employed during the preparation for and trial and appeal of

8   this action; (c) Plaintiff Chris Sirko, so long as disclosure is reasonably necessary

9   for purposes of this litigation and he agrees to comply with and be bound by the

10  terms of this Order (but under no circumstances shall Sirko be shown payroll data

11  or other personal information pertaining to another employee of Defendant); (d) the

12  principals, officers, agents and employees of Defendant whom Defendant believes

13  in good faith have a need to review such documents or information; (e) persons

14  retained by either party to this Order to furnish expert services or advice or to give

15  expert testimony in this action (and their employees); (f) trial witnesses and court

16  reporters in this action; (g) deponents, but only those who had access to the

17  documents or information independent of this litigation and only so long as the

18  disclosure is reasonably necessary for purposes of this litigation; and (h) the Court,

19  Court personnel and jurors.  CONFIDENTIAL documents or information disclosed

20  to any such person shall not be disclosed by him/her to any other person not

21  included within the foregoing subparagraphs (a) through (h) of this paragraph.

22         4.     Documents and information designated HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Order

24  shall be used solely for the purpose of preparation, trial, and/or appeal of this

25  action, and, unless the Court rules otherwise, such documents and information shall

26  not be disclosed to any person other than (a) counsel of record to any party to this

27  Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action

28  employed during the preparation for and trial and appeal of this action; (c) the

Case 2:13-cv-03192-DMG-SS   Document 17-1   Filed 07/30/13   Page 4 of 8   Page ID #:240

1   principals, officers, agents and employees of Defendant whom Defendant believes

2   in good faith have a need to review such documents or information; (d) persons

3   retained by either party to this Order to furnish expert services or advice or to give

4   expert testimony in this action (and their employees); (e) trial witnesses and court

5   reporters in this action; (f) deponents, but only those who had access to the

6   documents or information independent of this litigation and only so long as the

7   disclosure is reasonably necessary for purposes of this litigation; and (g) the Court,

8   Court personnel and jurors. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9   ONLY documents or information disclosed to any such person shall not be

10  disclosed by him/her to any other person not included within the foregoing

11  subparagraphs (a) through (g) of this paragraph.

12          5.      Any person who is to obtain access to material subject to this

13  Order pursuant to paragraph 3(e) and/or 4(d) shall prior to receipt of such material

14  (a) be informed by the party providing access to such material of the terms of this

15  Order; and (b) agree in writing to be bound by the terms of this Order by executing

16  the attached Agreement.

17          6.      If counsel for a party herein shall hereafter desire to make

18  material subject to this Order available to any person other than those referred to in

19  paragraphs 3 and 4 above, such counsel shall, prior to any such disclosure,

20  designate the material involved, identify the person to whom he/she wishes to make

21  disclosure, and inform counsel for the opposing party of their desire. If the parties

22  are subsequently unable to agree on the terms and conditions of disclosure to

23  persons not enumerated in paragraphs 3 and 4, disclosure may be made only on

24  such terms as the Court may order, and the issue shall be raised strictly pursuant to

25  Local Rule 37.

26          7.      A party in receipt of materials designated by another party as

27  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

28  shall not file such materials in the public record unless the party files the materials

LAI-3191998v4

(PROPOSED) ORDER GOVERNING
CONFIDENTIAL INFORMATION 2:13-cv-
03192-DMG-SSx

Case 2:13-cv-03192-DMG-SS   Document 17-1   Filed 07/30/13   Page 5 of 8   Page ID #:241

under seal pursuant to the procedures set forth in Local Rule 79-5. The portions of any pleadings, motion papers or other papers that contain summaries or quotations of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY materials shall also be filed under seal in accordance with this Court's Civil Local Rule 79-5. In the event that documents are filed under seal, the parties agree to comply with the Local Rules concerning filing the appropriate supporting documents to submit materials under seal.

8.    The provisions of this Order shall not terminate at the conclusion of this action. Within sixty days after final termination of this action, including any appeals, the parties shall destroy or return to counsel for a party that produced materials subject to this Order originals and all copies of such materials. At such time, each party must certify that the terms of this paragraph have been complied with.

9.    Any material subject to this order, and which is otherwise admissible, may be used at trial, provided, however, that the parties agree that they will work with the Court to identify trial procedures that will protect and maintain the non-public nature of material subject to this Order. Prior to the use at trial of material subject to this Order, all stamps, labels, or other designations placed on the material pursuant to this Order shall be removed.

10.    Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege. Any party may request that the Court grant relief from any provision of this Order. If a party disagrees with a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that party must notify the designating party of the disagreement by serving a letter requesting a conference of counsel pursuant to Local Rule 37-1. If the parties are unable to resolve the dispute at the Local Rule 37-1 conference of counsel, the parties shall raise the dispute with the Court pursuant to the procedures set forth in

LAI-3191998v4

(PROPOSED) ORDER GOVERNING CONFIDENTIAL INFORMATION 2:13-cv-03192-DMG-SSx

- 5 -

Case 2:13-cv-03192-DMG-SS   Document 17-1   Filed 07/30/13   Page 6 of 8   Page ID #:242

1   Local Rule 37-2.  The documents or information that is/are the subject of the

2   confidentiality designation dispute shall remain under the protection of this Order

3   pending the Court's decision resulting from the Local Rule 37-2 filing.  The parties

4   may correct initially erroneous confidentiality designations, or lack thereof, and at

5   their own expense, furnish to all counsel copies of the documents or other materials

6   for which there is a change in designation.  Nothing in this Order shall prevent any

7   party from using or disclosing their own documents or information, regardless of

8   designation.

9           11.    The inadvertent or unintentional disclosure by any party of

10  documents or information protected from discovery as an attorney-client

11  communication, work product or otherwise protected under Federal Rule of Civil

12  Procedure 26 (the "Privileged Material"), regardless of whether the information was

13  designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'

14  EYES ONLY at the time of disclosure, shall not be deemed a waiver in whole or in

15  part of that disclosing party's claim of privilege, either as to the specific documents

16  or information disclosed or as to any other documents or information relating

17  thereto or on the same or related subject matter.  The recipient of such Privileged

18  Material shall (i) return it, without retaining any copy of it, upon recognizing its

19  status, or within three (3) days from a demand (the "Demand") by the disclosing

20  party, whichever occurs first; (ii) destroy all summaries, notes, memoranda or other

21  documents (or the portions thereof) referring to such Privileged Material; and

22  (iii) not use such documents containing Privileged Material for any purpose until

23  further order of the Court.  If the receiving party disputes the disclosing party's

24  Demand, the matter shall be presented by the disclosing party to the Court for

25  resolution pursuant to Local Rule 37.  Further, if the recipient has already shared

26  such Privileged Material prior to recognizing its protected status or prior to a

27  Demand for its return, that recipient shall promptly notify the other affected

28  persons, and collect and return all copies.

LAI-3191998v4

(PROPOSED) ORDER GOVERNING
CONFIDENTIAL INFORMATION 2:13-cv-
03192-DMG-SSx

12.     Plaintiff has requested, and Defendant has agreed to produce, subject to entry of this Order, (a) the full name and (b) full current or last known home address of IBM's California-based employees hired from Kaiser Permanente who held exempt transitional position code 4YYY and were later reclassified into a nonexempt position code or classified into an exempt position code in the 24A job family (other than first line manager or team lead position codes) (hereinafter, the name and address information referred to in this paragraph is called "Contact Information"). Plaintiff's counsel may use the Contact Information solely for purposes of contacting potential class action members for discovery and investigation purposes, subject to applicable limitations imposed by law, court order, and/or ethical rules. Plaintiff's counsel shall not disclose the Contact Information to anyone other than employees of Plaintiff's counsel to whom it is reasonably necessary to disclose the Contact Information for purposes of prosecuting this case; shall notify Defendant in writing immediately or in no event later than three days after receipt of a subpoena or order issued in other litigation that would compel disclosure of the Contact Information; and shall return the Contact Information (including all copies or reproductions) to Defendant's counsel within 60 days after the final termination of this action.

IT IS SO ORDERED.

Dated: __Aug 5__ , 2013

_____
Honorable Dolly M. Gee
United States District Judge

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

LAI-3191998v4

- 7 -

(PROPOSED) ORDER GOVERNING
CONFIDENTIAL INFORMATION 2:13-cv-
03192-DMG-SSx

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS B. SIRKO, on behalf of himself, and all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation, and DOES 1 to 100, Inclusive,<br><br>Defendants. | Case No. 2:13-cv-03192-DMG-SSx<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |

I, _____ , the undersigned, hereby acknowledge that I have received a copy of the Protective Order entered in this action, and that I have read the Order and agree to be bound by all of the provisions in it. I recognize that during my participation in this case, I may have occasion to read or hear matters that are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. I agree not to disclose any such matter to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such matter solely in connection with my participation in this case. I also agree to return any materials protected by the Order to counsel for the party that supplied me with such materials as soon as my participation in the case is concluded. I also agree to submit to the authority of this Court for enforcement of the Order.

Dated: _____, 2013.

_____
Print Name

_____

_____
Print Address

LAI-3191998v4

- 8 -

(PROPOSED) ORDER GOVERNING CONFIDENTIAL INFORMATION 2:13-cv-03192-DMG-SSx